UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CHERYL LEEANN MURPHY,

          Debtor.

_____/

RACINE & ASSOCIATES, P.C.,

          Plaintiff,

vs.

CHERYL LEEANN MURPHY,

          Defendant.

_____/

Case No. 22-44506

Chapter 13

Judge Thomas J. Tucker

Adv. No. 22-4314

**MEMORANDUM SUPPLEMENTING THE COURT'S APRIL 19, 2023 BENCH
OPINION REGARDING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding came before the Court for a telephonic hearing on April 19, 2023, on the Defendant's motion for summary judgment (Docket # 25, the "Motion"). Counsel for each of the parties appeared and was heard. At the end of the hearing, the Court gave an oral bench opinion, stating and explaining the Court's ruling on the Motion. After the hearing, on April 19, 2023, the Court entered a detailed Order, granting the Motion. (Docket # 43).

The Memorandum supplements the Court's April 19, 2023 oral bench opinion, with the following.

**First**, with respect to the Court's ruling that the Plaintiff's nondischargeability claim under 11 U.S.C. § 523(a)(6) is premature and does not present a live case or controversy, the Court now cites the following recent case that further supports its ruling: *Medeiros v. Firth* (*In re Firth*), Case No. 21-00213-ELG, 2023 WL 162140 at **2-3 (Bankr. D. D.C. Jan. 11, 2023).

**Second**, in further support of the Court's ruling about Count III of Plaintiff's Complaint (the count alleging that Plaintiff has a lien in the proceeds of Defendant-Debtor's settlement), namely, that Count III must be dismissed because it is barred by the confirmed plan in the Defendant-Debtor's pending Chapter 13 case, the Court notes the following.

There is an additional reason why the Debtor's confirmed plan bars the Plaintiff's claim to have a lien/secured claim. The confirmed plan (Docket # 24 in Case No. 22-44506, at pdf p. 12, section V.O) provides, consistent with the default rule under 11 U.S.C. § 1327(b), that on the Effective Date of the plan, all property of the bankruptcy estate vests in the Debtor. (The order confirming plan, Docket # 53 in Case No. 22-44506, did not say otherwise.) Under Bankruptcy Code section 1327(c), such property "is free and clear of any claim or interest of any creditor provided for by the plan." 11 U.S.C. § 1327(b). (The order confirming plan did not say otherwise.) The Plaintiff's claim is provided for by the plan, in Class Nine, as a creditor holding an allowed general unsecured claim. So all property of the bankruptcy estate, which now has been vested back in the Debtor, is "free and clear" of any claimed attorney lien or other lien that the Plaintiff may ever have had.

**Signed on April 20, 2023**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**